UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **09-CV-81038-Ryskamp-Vitunac**

MONIQUE ANSONIA, on her own behalf and others similarly situated,

Plaintiff,

v.

FILED by VT D.C.
ELECTRONIC

July 15, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

BOSTON CULINARY GROUP, INC., a Wisconsin Corporation, d/b/a DUNKIN DONUTS, and DD FLORIDA HOLDINGS, LLC, a Florida Limited Liability Company, d/b/a DUNKIN DONUTS,

Defendants.

_______________________________________/

## COMPLAINT

1. Plaintiff, MONIQUE ANSONIA (hereinafter referred to as "Plaintiff"), was an employee of Defendants, BOSTON CULINARY GROUP, INC., a Wisconsin Corporation, d/b/a DUNKIN DONUTS, and DD FLORIDA HOLDINGS, LLC, a Florida Limited Liability Company, d/b/a DUNKIN DONUTS (collectively referred to as "Defendants"), and brings this action on behalf of herself and other current employees and former employees of Defendants similarly situated to her for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

2. During the three (3) year statute of limitations period between July 2006 and the present, Plaintiff performed work for Defendants in one or more work weeks in Palm Beach County, Florida in a position entitled "Assistant Manager" that involved primary job duties that were non-exempt in nature.

3. Defendants, BOSTON CULINARY GROUP, INC. and DD FLORIDA HOLDINGS,

LLC, have owned and/or operated a business with multiple DUNKIN DONUTS locations, including in Palm Beach County, Florida, within the jurisdiction of this Court. It is the intent of this collective action to apply to all similarly situated employees of Defendants regardless of location.

4. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C.§216(b).

6. At all times material hereto, BOSTON CULINARY GROUP, INC. and DD FLORIDA HOLDINGS, LLC, d/b/a DUNKIN DONUTS, have individually and/or collectively employed two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

7. Based upon information and belief, the annual gross sales volume of BOSTON CULINARY GROUP, INC. and DD FLORIDA HOLDINGS, LLC, d/b/a DUNKIN DONUTS, individually and/or collectively, has been in excess of $500,000.00 per annum at all times material hereto.

8. At all times material hereto, BOSTON CULINARY GROUP, INC. and DD FLORIDA HOLDINGS, LLC, d/b/a DUNKIN DONUTS, have individually and/or collectively, been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. The additional persons who may become Plaintiffs in this action are Defendants' employees who have worked in the position of "Assistant Manager" and have worked in excess of Forty (40) hours during one or more work weeks between July 2006 and the present but did not

receive time and a half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

10. At all times material to this Complaint, BOSTON CULINARY GROUP, INC. and DD FLORIDA HOLDINGS, LLC have shared the services of employees and/or interchanged employees, acted in the direct interests of each other towards a collective interest, and exercised common control over employees and operations such that the relationship by and between Defendants is that of employers and/or joint-employers of Plaintiff within the meaning of 29 U.S.C. §203(d).

11. Plaintiff regularly worked in excess of Forty (40) hours per week in one or more weeks during her employment with Defendants while in the position of "Assistant Manager."

12. Likewise, the other employees similarly situated to Plaintiff have regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants in one or more work weeks between July 2006 and the present.

13. However, Defendants did not pay time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to her for their overtime hours worked between July 2006 and the present.

14. Instead, Defendants misclassified Plaintiff and the other employees who have worked as "Assistant Managers" as being "exempt" from the protections of the Fair Labor Standards Act, paying Plaintiff and the other similarly situated employees on a salaried basis without compensating them at time and one-half of their regular rate of pay for their overtime hours worked.

15. The complete records, if any, concerning the hours worked by Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendants.

16. The complete records, if any, concerning the compensation actually paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

17. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 16 above.

18. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of Forty (40) hours per work week during her employment with Defendants in the position of "Assistant Manager."

19. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they've worked and were not properly paid in one or more weeks between July 2006 and the present.

20. Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to her at time and one-half of their regular rate of pay for all hours worked in excess of Forty (40) per week.

21. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

22. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to her) are entitled to liquidated damages.

23. Plaintiff has retained the undersigned counsel to represent her in this action, and

pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

24. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, MONIQUE ANSONIA, and those similarly situated to her who have or will opt into this action, demands judgment, jointly and severally, against Defendants, BOSTON CULINARY GROUP, INC. and DD FLORIDA HOLDINGS, LLC, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

Dated: July 14th, 2009
Boca Raton, Florida

Respectfully submitted,

Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: kstern@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 South Florida Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

MONIQUE ANSONIA, on her own behalf and other similarly situated,

**(b)** County of Residence of First Listed Plaintiff PALM BEACH
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

KEITH M. STERN, ESQUIRE, SHAVITZ LAW GROUP, P.A. 1515 S. Federal Highway, Suite 404, Boca Raton, FL 33432

**DEFENDANTS**

BOSTON CULINARY GROUP, INC., a Wisconnsin Corporation, d/b/a DUNKIN DONUTS, and DD FLORIDA HOLDINGS, LLC, a

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:09 CV 81038-Ryskamp-Vitunac

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 07/14/2009 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 546846 AMOUNT 350 APPLYING IFP JUDGE MAG. JUDGE